IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAUREN STANLEY | § | |
| | § | |
| V. | § | NO. A-16-CV-834 LY |
| | § | |
| DELAWARE NORTH COMPANIES | § | |
| TRAVEL HOSPITALITY SERVICES, | § | |
| INC., AND BRAZOS CONCESSIONS CO. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment (Dkt. No. 19), Plaintiff's Response (Dkt. No. 23), and Defendants' Reply (Dkt. No. 25); and Plaintiff's Partial Motion for Summary Judgment (Dkt. No. 20), Defendants' Response (Dkt. No. 22), and Plaintiff's Reply (Dkt. No. 26). The District Court referred the above motions to the undersigned for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I.  BACKGROUND

Plaintiff Lauren Stanley brought this suit alleging that Defendants Delaware North Companies Travel Hospitality Services, Inc. and Brazos Concessions Company (collectively DNC) discriminated against her in violation of the Family Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and Texas Commission on Human Rights Act (TCHRA).

In March 2013, Stanley began working for DNC as a cocktail server at Austin-Bergstrom International Airport. Stanley suffers from ulcerative colitis, which she contends is well controlled so long as she is receiving medication. However, beginning in October 2014, she was unable to

receive the medication after a change in her health insurance. Due to the return of her symptoms, she met with Kenyetta Smith from Human Resources to discuss options for going on intermittent leave under the FMLA. This was granted, but Stanley was warned that she must comply as closely as possible with DNC call-in/call-off procedures. In December 2014 and January 2015, Stanley allegedly missed up to twenty days of work, nine of which DNC asserts were no-call, no-shows. At a meeting with Smith on January 16 to discuss Stanley's alleged lack of communication, Stanley provided doctor's notes for various absences, and notified Smith that she had received the necessary medication and would be able to resume work. However, Stanley was suspended at that time and not permitted to return to work. She was formally terminated on February 2, 2015.

Stanley argues that she was fired from her position in retaliation for taking intermittent FMLA leave, and further that her termination was the result of disability discrimination. DNC challenges this, arguing that Stanley was not terminated for taking FMLA leave, but rather for her alleged failure to follow company policies for calling in. Stanley moves for summary judgment on the FMLA retaliation claim, contending that she has provided direct evidence of retaliation. DNC filed a cross motion for summary judgment on all claims, arguing that DNC has presented a legitimate, nondiscriminatory reason for her termination.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury

2

could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. ANALYSIS

DNC and Stanley filed cross-motions for summary judgment, attaching as exhibits hundreds of pages of evidence. Though the undersigned could set out the legal requirements to obtain or

survive summary judgment under the FMLA, ADA, and THRCA, this is unnecessary here, as the parties disagree mainly on the facts of the case, as opposed to the governing law. The dispute that pervades all of the claims is whether DNC terminated Stanley for a legitimate, non-discriminatory reason. As explained below, there are many genuine issues of material fact which preclude the entry of a summary judgment on any of these claims.

First, in Stanley's motion for summary judgment, she contends that there is direct evidence that DNC considered her FMLA absences in its termination decision. In support, Stanley notes that Smith admitted to considering dates in the termination decision that DNC later conceded were FMLA protected. *See* Dkt. No. 20-5 at 6 (listing the alleged dates for which Stanley was terminated); *but see id.* (stating that the listed dates were no-call, no-shows). Even assuming this statement constitutes direct evidence—and was not merely an error in DNC's records—this does not end the analysis. Rather, DNC is permitted to present evidence that Stanley's FMLA intermittent leave was not a substantial factor in its termination decision and that it would have made the same decision regardless. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250 (1989). Here, DNC presented evidence that Stanley no-called, no-showed on a number of different dates (presumably not FMLA protected), any of which could be a legitimate non-discriminatory reason for Stanley's termination. Dkt. No. 19 at 5; Dkt. No. 19-5 at 23–27. As Stanley vehemently disputes that she *ever* no-called, no-showed (Dkt. No. 19-2 at 28) and DNC does not retain voice mails of the call-ins (Dkt. No. 20-5 at 5), there is a fact question on this issue.

Because Stanley is mistaken on the existence of direct evidence of retaliation, Stanley's claims are addressed under the *McDonnel-Douglas* burden-shifting framework. *Richardson v. Monitronics Int'l Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Under this analysis, once the plaintiff has

4

presented a prima facie case of retaliation, the defendant must articulate a legitimate, non-discriminatory reason for the termination. *Id.* Here, DNC argues that Stanley was fired for failing to follow call-in procedures, not for the absences that were FMLA protected. If true, this could constitute a legitimate, nondiscriminatory reason for the termination. *Acker v. General Motors, L.L.C.*, 853 F.3d 784, 789 (5th Cir. 2017) ("[A]n employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notices of absences, *even if the absences that the employee failed to report were protected by the FMLA*.") (emphasis in original) (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1008–09 (10th Cir. 2011)). However, as noted above, there is clearly a dispute as to the legitimacy of this proffered reason. The inconsistencies and contradictions noted by both parties clearly evidence a genuine dispute of material fact sufficient to preclude summary judgment.

This analysis similarly applies to Stanley's ADA and TCHRA claims. Thus, DNC's motion for summary judgment on those claims, based on it having legitimate, non-discriminatory reasons for terminating Stanley must also be denied. DNC additionally argues that the claims should be dismissed because Stanley was unable to perform the duties of the job when she could no longer show up for work. In response, Stanley argued that she is able to perform the duties so long as she is receiving treatment, which she alleges began again in mid-January. Dkt. No. 23-6 at 7. The Court cannot here find as a matter of law that Stanley was unqualified for the job when she was exercising her right to take FMLA leave. The temporary situation created by the lapse in treatment is not sufficient to find that Stanley was unqualified for the position. Summary judgment should therefore be denied on these arguments as well.

## IV. RECOMMENDATION

The Court **RECOMMENDS** that the District Judge **DENY** Defendant's Motion for Summary Judgment (Dkt. No. 19), and Plaintiff's Motion for Summary Judgment (Dkt. No. 20).

## IV. WARNINGS

The parties may file objections to the Recommendations contained above. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of August, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE